1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MIGUEL RAMIREZ, | 1:12-cv-01506-BAM (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND AND DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK § 2254 FORM PETITION |
| v. | |
| TULARE COUNTY, | |
| Respondent. | [Doc. 1] |
| _____/ | |

        Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Petitioner filed the instant petition for writ of habeas corpus on September 7, 2012, in the United States District Court for the Eastern District of California, Sacramento Division.  The petition was transferred to this Court on September 13, 2012.

## DISCUSSION

        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

1

1    I.    <u>Signature Under Penalty of Perjury</u>

2            Upon review of Petitioner's petition, the Court discovered that the Petition does not

3    contain an original signature under penalty of perjury.  Local Rule 131, subdivision (b) requires a

4    document submitted to the Court for filing to include an original signature.  In addition, Rule 2 of

5    the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be

6    signed under penalty of perjury by the petitioner."  Rule 2(c), Rules Governing Section 2254

7    Cases.  Petitioner will be directed to submit an amended petition containing his original signature

8    signed under penalty of perjury.

9    II.    <u>Naming of Proper Respondent</u>

10            A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state

11   officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules

12   Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v.</u>

13   <u>California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having

14   custody of an incarcerated petitioner is the warden of the prison in which the petitioner is

15   incarcerated because the warden has "day-to-day control over" the petitioner.  <u>Brittingham v.</u>

16   <u>United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u> <u>also</u> Stanley v. California Supreme Court,

17   21 F.3d at 360.  However, the chief officer in charge of state penal institutions is also

18   appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.  Where a petitioner is on probation or

19   parole, the proper respondent is his probation or parole officer and the official in charge of the

20   parole or probation agency or state correctional agency.  <u>Id</u>.

21            In this case, Petitioner names Tulare County as Respondent.  Although Petitioner was

22   convicted in the Tulare County Superior Court, the County cannot be considered the person

23   having day-to-day control over Petitioner.

24            Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

25   for lack of jurisdiction.  <u>Stanley</u>, 21 F.3d at 360;  <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326,

26   1326 (9th Cir. 1970); <u>see</u> <u>also</u> <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2d Cir.

27   1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect by

28   amending the petition to name a proper respondent.  See <u>West v. Louisiana</u>, 478 F.2d 1026, 1029

1  (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)

2  (allowing petitioner to amend petition to name proper respondent); Ashley v. State of

3  Washington, 394 F.2d 125 (9th Cir. 1968) (same).

4  III.    Failure to State Cognizable Claims

5          Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the

6  Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice

7  pleading is not sufficient; the petition must state facts that point to a real possibility of

8  constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass,

9  915 F.2d 418, 420 (1990) (quoting Blackledge v. Allison, 431 U.S. 62, 75 n.7 (1977).

10  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to

11  summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

12          Federal habeas relief is available to state prisoners only to correct violations of the United

13  States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Federal

14  habeas relief is not available to retry a state issue that does not rise to the level of a federal

15  constitutional violation.  Wilson v. Corcoran, 562 U.S. __, 131 S.Ct. 13, 16, 178 L.Ed.2d 276

16  (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state

17  law are not cognizable in federal habeas corpus.  Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir.

18  2002) (an ex post facto claim challenging state court's discretionary decision concerning

19  application of state sentencing law presented only state law issues and was not cognizable in a

20  proceeding pursuant to 28 U.S.C. § 2254).  This Court is bound a state court's interpretation of

21  state law unless the interpretation is untenable or a veiled attempt to avoid review of federal

22  questions.  Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

23          After a review of the petition, the Court cannot determine the exact nature of Petitioner's

24  claims for relief.  The best the Court can decipher it appears Petitioner is attempting to raise the

25  following three claims: (1) denial of request for a new trial judge resulted in an unfair trial; (2)

26  ineffective assistance of counsel by failing to present certain evidence at trial and failure to

27  investigate; and (3) the court improperly dismissed Hispanics from the jury because of their

28  inability to speak English.  Petitioner's claims are vague and conclusory as he fails to present a

1   clear and concise basis of the statement of facts in support of each claim.  Nor has Petitioner

2   demonstrated how any applicable state court decision was contrary to or an unreasonable

3   application of clearly established federal law, or an unreasonable determination of the facts in

4   light of the evidence presented.  Accordingly, Petitioner will be afforded the opportunity to file

5   an amended petition clearly setting forth his claims for relief.

6   IV.   Exhaustion of State Court Remedies

7         Moreover, because the Court cannot determine the exact nature of Petitioner's claim, it is

8   unclear whether Petitioner exhausted the state court remedies, and Petitioner does not

9   affirmatively allege such in the petition.

10        A petitioner who is in state custody and wishes to collaterally challenge his conviction by

11  a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

12  The exhaustion doctrine is based on comity to the state court and gives the state court the initial

13  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

14  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

15  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

16        A petitioner can satisfy the exhaustion requirement by providing the highest state court

17  with a full and fair opportunity to consider each claim before presenting it to the federal court.

18  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

19  829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

20  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

21  factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

22  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

23  Additionally, the petitioner must have specifically told the state court that he was raising a

24  federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

25  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

26  violated his due process rights "he must say so, not only in federal court but in state court."

27  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

28  insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.

4

1   Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

2   that the "due process ramifications" of an argument might be "self-evident."); Gray v.

3   Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

4   must include reference to a specific federal constitutional guarantee, as well as a statement of the

5   facts which entitle the petitioner to relief.").

6       Additionally, the petitioner must have specifically told the state court that he was raising

7   a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

8   669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

9   Cir.1999); Keating v. Hood, 133 F.3d at 1241.  In Duncan, the United States Supreme Court

10  reiterated the rule as follows:

11      In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
        of state remedies requires that petitioners "fairly presen[t]" federal claims to the
12      state courts in order to give the State the "'opportunity to pass upon and correct
        alleged violations of the prisoners' federal rights" (some internal quotation marks
13      omitted). If state courts are to be given the opportunity to correct alleged violations
        of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
14      are asserting claims under the United States Constitution. If a habeas petitioner
        wishes to claim that an evidentiary ruling at a state court trial denied him the due
15      process of law guaranteed by the Fourteenth Amendment, he must say so, not only
        in federal court, but in state court.
16

17  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

18      Our rule is that a state prisoner has not "fairly presented" (and thus
        exhausted) his federal claims in state court *unless he specifically indicated to*
19      *that court that those claims were based on federal law*. See Shumway v. Payne,
        223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
20      Duncan, this court has held that the *petitioner must make the federal basis of the*
        *claim explicit either by citing federal law or the decisions of federal courts, even*
21      *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889
        (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
22      underlying claim would be decided under state law on the same considerations
        that would control resolution of the claim on federal grounds. Hiivala v. Wood,
23      195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
        (9th Cir. 1996); . . . .
24
        In Johnson, we explained that the petitioner must alert the state court to
25      the fact that the relevant claim is a federal one without regard to how similar the
        state and federal standards for reviewing the claim may be or how obvious the
26      violation of federal law is.

27

28  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Should it be the case that the claims were exhausted, Petitioner should make clear in the amended petition when and in what court the claims were raised.  If possible, Petitioner should present to the Court documentary evidence that the claims were indeed presented to the California Supreme Court.[1]

ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1.      The instant petition for writ of habeas corpus is dismissed with leave to amend;

2.      The Clerk of Court is directed to forward Petitioner a copy of blank § 2254 form petition;

3.      Within thirty (30) days from the date of service or this order, Petitioner shall submit an amended petition addressing the deficiencies outlined above; and

4.      Failure comply with this order will result in dismissal of the instant petition for failure to comply with a court order.


IT IS SO ORDERED.

Dated:    October 26, 2012                    /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition filed in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.